IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>RICKEY SCOTT JENSEN,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR REVIEW OF DETENTION BY DISTRICT COURT JUDGE<br><br>Case No. 2:12-CR-83 TS |

This matter is before the Court on Defendant's Motion for Review of Detention by District Court Judge. The Court heard argument on the Motion on March 28, 2013. For the reasons discussed below, the Court will grant Defendant's Motion and order that Defendant be released pending trial subject to the conditions listed herein.

I. BACKGROUND

Defendant Rickey Scott Jensen is charged with (1) Felon in Possession of a Firearm; (2) Possession of Methamphetamine with Intent to Distribute; (3) Possession of a Firearm in

1

Furtherance of a Drug Trafficking Crime; and (4) Possession of a Detectable Amount of Marijuana.

In May 2010, Defendant was arrested based on the charges listed above. Defendant has spent the nearly three years since that date in custody. Defendant appeared before a Magistrate Judge on November 11, 2012, and was ordered detained pending trial. Defendant filed a motion for review of detention on March 12, 2013, which the Magistrate Judge denied on March 21, 2013, finding that Defendant is a risk of danger to the community.[1] Defendant then filed the instant Motion on March, 22, 2013, seeking review of his detention order.

## II. LEGAL STANDARD

The Court considers Defendant's request for a review of the Magistrate Judge's order detaining Defendant under 28 U.S.C. § 3145(b) and DUCrimR 57-16(a)(1).[2] The Court conducts its own de novo review of the detention issue giving no deference to the Magistrate Judge's findings or conclusions.[3] In so doing, the Court may elect to start from scratch and take evidence—whether or not new evidence is proffered—and also may incorporate the record of the proceedings conducted by the Magistrate Judge, including any exhibits.[4]

---

[1] Docket No. 42.

[2] "Any party is entitled to appeal a magistrate judge's order releasing or detaining a defendant. . . ."

[3] DUCrimR 57-16(a)(1) (providing for de novo review of detention orders); *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002); *see also United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) (holding that district court's review under subsection (a) of §3145 is de novo).

[4] *Lutz*, 207 F. Supp. 2d at 1251.

In making its determination, this Court, like the Magistrate Judge, is governed by the standards set forth in 18 U.S.C. § 3142. Under that statute, an accused is ordinarily entitled to pretrial release, with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and community."[5]

In certain cases, however, the presumption shifts. Section 3142(e)(3)(A)-(B) dictates that, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . [or] (B) an offense under section 924(c) . . . ."

In this case, Defendant is charged with both an offense for which a maximum term of imprisonment of ten years of more is prescribed under the Controlled Substances Act (Count II) and an offense under 18 U.S.C. § 924(c) (Count III). The grand jury indictment is sufficient to establish the finding of probable cause under § 3142(e)(3).[6] Thus, in this matter, detention is presumed.

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a

---

[5] 18 U.S.C. § 3142(b),(c), and (e).

[6] *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991).

3

defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.[7]

As stated, the burden of persuasion remains with the government. The government must prove risk of flight by a preponderance of the evidence and it must prove dangerousness to any other person or to the community by clear and convincing evidence.[8] To determine whether there are conditions of release that will reasonably assure the appearance of Defendant and the safety of any other person and the community, this Court considers the following factors:

> (1) the nature and circumstances of the offense charged . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including—
>     (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>     (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .[9]

## III. DISCUSSION

Based on the evidence presented at the hearing, and considering the above-listed factors, the Court finds that the government has failed to meet its burden to show that Defendant Jensen poses a risk of flight or that he is dangerous to any other person or to the community. Further,

---

[7] *Id*. at 1354-55.

[8] *Cisneros*, 328 F.3d at 616.

[9] 18 U.S.C. § 3142(g).

the Court finds that there are conditions of release that will reasonably assure Defendant's appearance as required and the safety of any other person and the community.

Considering the nature and circumstances of the offense charged, the Court notes that the charges contained in the indictment are serious.

The Court finds that the weight of the evidence is against Defendant. At a hearing on Defendant's earlier motion to suppress, police officers testified that they recovered drug paraphernalia as well as a weapon from Defendant's residence and that Defendant voluntarily made incriminating statements.

The history and characteristics of Defendant Jensen cut both ways. On the one hand, Defendant has many convictions for driving under the influence of alcohol, thus tending to suggest that his release would prove a danger to the public. On the other hand, Defendant has been sober for nearly three years. The government correctly points out that, as Defendant was incarcerated during this time, this sobriety was forced. At the hearing in this matter, however, the Court heard testimony from Defendant's son and former landlady, stating that Defendant's character has improved substantially during the time he has been incarcerated, and that they do not believe that, if released, Defendant would return to his old ways. Defendant also gave similar testimony. The Court finds the testimony of Defendant's former landlady, his son, and Defendant himself, to be credible. The Court is therefore persuaded that Defendant's current character is not as poor as his troubling criminal history suggests.

Finally, the Court must consider the nature and seriousness of the danger to any person or the community that would be posed by the person's release. The government strenuously argues

that, because Defendant was convicted several times for driving under the influence of alcohol, he can be expected to recidivate once he is released. This argument, however, denies the rehabilitative effect of the criminal justice system. Defendant testified that his three years of incarceration has convinced him of his errors and that, if released, he will not repeat his mistakes. As stated, the Court is persuaded by the testimony of Defendant, his son, and his landlady. Furthermore, the Court believes that any risk Defendant poses can be managed with the proper conditions of release.

Considering all of the above, the Court will order that Defendant be released under the conditions set forth below.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Motion for Review of Detention by District Judge (Docket No. 43) is GRANTED. It is further

ORDERED that Defendant be released pending resolution of this matter, under the conditions listed below. Specifically, Defendant must:

1. Ensure that there are no firearms located within his residence to the satisfaction of the pretrial officer.

2. Maintain his residence at his cousin's residence in Magna, Utah, and not change it without prior permission from the pretrial officer.

3. Not travel outside the state of Utah without prior permission from the pretrial officer.

4. Avoid all contact with those named persons, who are considered either alleged victims, potential witnesses and/or codefendants.

5. Report on a regular basis to the pretrial officer as directed.

6. Not possess a firearm, ammunition, destructive device, or other dangerous weapon.

7. Not use alcohol.

8. Not frequent establishments where alcohol is the main item of order.

9. Not use or unlawfully possess a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner. Prescriptions should be reported to the pretrial officer.

10. Submit to drug/alcohol testing as directed by the pretrial officer. If testing reveals illegal drug use, Defendant must participate in drug and/or alcohol abuse treatment, if deemed advisable by the pretrial officer.

11. Undergo mental health evaluation and complete any recommended treatment, as directed by the pretrial officer, and take any mental health medications as prescribed.

12. Not obtain or apply for a passport.

13. Submit person, residence, office, or vehicle to a search, conducted by the pretrial officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant will

warn any other residents that the premises may be subject to searches pursuant to this condition.

DATED   April 1, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

**Advice of Penalties and Sanctions**

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.