IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RICKEY SCOTT JENSEN,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO SEVER COUNTS FOR TRIAL<br><br><br>Case No. 1:12-CR-83 TS<br><br>District Judge Ted Stewart |

The matter before the Court is Defendant Rickey Scott Jensen's ("Mr. Jensen") Motion to Sever Counts for Trial.[1] For the reasons explained more fully below, the Court will deny the Motion.

I. BACKGROUND

In this case, Mr. Jensen is charged by an Indictment with possession of a firearm by a restricted person, possession of more than five grams of methamphetamine with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and possession of marijuana. Mr. Jensen desires to testify with regard to the two firearm charges but does not wish to offer testimony regarding the two drug charges.

II. DISCUSSION

Federal Rule of Criminal Procedure, Rule 8, provides that "[t]wo or more offenses may be charged in the same indictment . . . if the offenses charged . . . are of the same or similar character or are based on the same act or transaction or two or more acts or transactions

---

[1]Docket No. 92.

1

connected together or constituting parts of a common scheme or plan."[2] Courts recognize that guns and drugs are often sufficiently connected and form the basis for unlawful activity.[3] The Federal Rules of Criminal Procedure also provide that "[i]f joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."[4] In order to qualify for a severance of charges, the defendant bears a heavy burden of showing real prejudice from the joinder of the two counts.[5] In meeting this burden, the Tenth Circuit has stated:

> [N]o need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other. In making such a showing, it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of economy and expedition in judicial administration against the defendant's interest in having a free choice with respect to testifying.[6]

Defendant submitted an ex parte proffer and set forth his anticipated testimony with respect to the firearm counts and his reasons for not wanting to testify with regard to the drug counts. The Court will assume for purposes of this motion that Defendant has important testimony to give concerning the firearm counts. Thus, to prevail, Mr. Jensen must show a

---

[2] Fed. R. Crim. P. 8(a).

[3] *United States v. Valentine*, 706 F.2d 282, 289 (10th Cir. 1983) (upholding the joinder of drug and firearm offenses as "being used in pursuit of a common unlawful activity").

[4] Fed. R. Crim. P. 14(a).

[5] *United States v. Martin*, 18 F.3d 1515, 1518 (10th Cir. 1994).

[6] *Valentine*, 706 F.2d at 291 (quoting *Baker v. United States*, 401 F.2d 958, 977 (D.C. Cir. 1968)).

strong need to refrain from testifying on the drug counts. Mr. Jensen claims he has a strong need to refrain from testifying on the drug counts because he does not want to commit perjury nor does he desire to admit all of the elements of the drug offenses. Mr. Jensen's apparently wishes to force the government to meet its burden of proof with respect to the drug counts. However, Mr. Jensen's desire not to testify on the drug counts does not establish a strong need for Mr. Jensen to refrain from testifying with respect to those counts. "If a defendant's desire not to testify on a particular count, without more, amounted to a compelling need not to testify, then required severance would be the rule, and not the exception."[7] Moreover, Mr. Jensen can testify without committing perjury or admitting the elements of the drug counts. The Court can ensure that the scope of cross-examination is limited to the subject matter of the direct exam, thus the scope of Mr. Jensen's testimony is largely within his control.[8]

Defendant bears a heavy burden to prevail on a motion to sever. Defendant has not met his burden. Therefore the Motion to Sever will be denied.

### III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendant's Motion to Sever (Docket No. 92) is DENIED.

DATED this 30th day of December, 2013.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[7] *United States v. Jones*, 530 F.3d 1292, 1301 (10th Cir. 2008).
[8] *See* Fed. R. Evid. 611(b).